**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

**DENNIS RAY DAVIS, JR.**                      **CIVIL ACTION NO. 19-0035**

                                               **SECTION P**

**VS.**

                                               **JUDGE S. MAURICE HICKS, JR.**

**LOUISIANA APPELLATE PROJECT, ET AL.**        **MAG. JUDGE KAREN L. HAYES**

**REPORT AND RECOMMENDATION**

Plaintiff Dennis Ray Davis, Jr., a prisoner at Caddo Correctional Center proceeding pro

se and in forma pauperis, filed the instant proceeding on approximately January 11, 2019, under

42 U.S.C. § 1983.  He names the following Defendants: Louisiana Appellate Project, Chad M.

Iker, Christopher A. Aberle, Michael Enright, Channel 12 KSLA, Channel 3 KTBS, Channel 6

KTBS, Shreveport Times, Doug Waner, and Inquisitor Newspaper.[1]  For reasons discussed

below, Plaintiff's claims should be dismissed.

**Background**

Plaintiff's Complaint is replete with legal jargon and conclusory, disjointed assertions.

He alleges that he was convicted of a fourth driving-while-intoxicated ("DWI") charge on June

15, 2017, which amounted to double jeopardy.  [doc. # 1, p. 3].  Next, he claims that, with

respect to his fourth DWI conviction, his court-appointed appellate attorney failed to "file for

appellant bond or any equitable relief for petitioner to gain his liberty . . . [sic]."  *Id.* at 4.  He

adds that his appellate attorney conspired with a public defender to deprive him of a fair appellate

process.  *Id.* at 4.  Finally, Plaintiff alleges that three television stations, two newspapers, and a

---

[1] This matter has been referred to the undersigned for review, report, and recommendation
in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

television news anchor defamed him by reporting information relating to his pending charges for armed robbery and first degree murder. *Id.* at 3-4. He alleges that the television stations aired his pretrial hearing and that, consequently, he received unfair coverage. *Id.* at 5.

Plaintiff seeks punitive damages, compensation for past and future lost wages, $60,000,000.00 for pain and suffering, and $10,000,000.0 for his "personal injuries." *Id.* at 6.

## Law and Analysis

### 1. Preliminary Screening

The Court permitted Plaintiff to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### 2. Malicious and Frivolous Claims

Plaintiff's first three claims—that his fourth DWI conviction amounted to double jeopardy, that his court-appointed appellate attorney failed to obtain an appellate bond or other equitable relief in connection with his fourth DWI conviction, and that his appellate attorney conspired with a public defender to deprive him of a fair appellate process—are subject to dismissal as malicious and frivolous.

"IFP complaints may be dismissed as frivolous pursuant to § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events

which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). Likewise, a case is duplicative if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Moreover, "it is malicious for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (internal quotation marks omitted); see *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013); *Bailey*, 846 F.2d at 1021 ("[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under . . . section 1915(d)."). District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted." *Bailey*, 846 F.2d at 1021.

Here, Plaintiff's allegations are substantially similar to, and arise from the same series of events as, allegations he raised in other closed and pending proceedings: *Dennis Ray Davis, Jr. v. 1st Judicial District Court, et al.*, No. 18-0988 (W.D. La. 2018) (dismissing, as frivolous and malicious, Plaintiff's claims concerning improprieties relating to his fourth DWI conviction, his claim that the conviction amounted to double jeopardy, his claim that he was forced to "stay in jail without . . . appellant [sic] process[,"] and, *inter alia*, his claim that he was subjected to "unnecessary judicial delay . . . ."; *Dennis Ray Davis, Jr. v. Robert B. Whyce, et al.*, No. 18-0009 (W.D. La. 2018) (dismissing, *inter alia*, Plaintiff's claims of false imprisonment arising from his fourth DWI offense); *Dennis Ray Davis, Jr. v. Commissioner Caddo Parish, et al.,* No. 17-1269 (W.D. La. 2017) (reviewing Plaintiff's claims of false imprisonment, false arrest, entrapment, kidnaping, corruption, double jeopardy, denial of counsel, omissions by a clerk of court, failure to post bond, and other sundry improprieties arising from his prior convictions, including his

fourth DWI conviction); *Dennis Ray Davis, Jr. v. Robert B. Wyche, et al.*, No. 17-1230 (W.D.

La. 2017) (dismissing Plaintiff's claims, arising from his fourth DWI offense, that the District

Attorney owed him $50,000.00, that he was falsely imprisoned, and that he was denied bond);

*Dennis Ray Davis, Jr. v. Police Dept. of Shreveport, et al.*, No. 17-0531 (W.D. La. 2017)

(reviewing Plaintiff's allegations that, *inter alia*, district attorneys illegally detained him, he was

falsely imprisoned, a judge improperly placed a hold on him, he was given excessive bond, he is

innocent, he was subjected to double jeopardy on his fourth DWI offense, he was slandered, and

he was denied due process).

    While there are, from what the undersigned can glean from Plaintiff's stream-of-

consciousness allegations, minor factual distinctions in the claims he raises here relative to the

claims he raised in prior proceedings, the claims here "form a convenient trial unit with the

earlier" cases, which involve many of the same facts.  See *Lewis*, 508 F. App'x at 344; see also

*Humphrey v. Luna*, 59 F.3d 1242 (5th Cir. 1995) (affirming dismissal, as malicious and

frivolous, complaints that "by and large contain[ed] 'stream of consciousness' lists of alleged

acts of wrongdoing . . . .").

    As the aforementioned claims are duplicative, malicious, and frivolous, they should be

dismissed.[2]  See *Comeaux v. Cockrell*, 72 F. App'x 54, 55 (5th Cir. 2003) (approving the

dismissal of only some claims–rather than an entire complaint–as duplicative and therefore

malicious).  To the extent Plaintiff raised the instant claims in other, pending proceedings, the

---

[2] That Plaintiff names additional defendants does not change the result.  See *Lewis*, 508
Fed. App'x at n.2; *Bailey*, 846 F.2d at 1021 (affirming dismissal where the "complaint repeats
the same factual allegations that [the plaintiff] asserted in his earlier case, although he
successively sued different defendants."); *Brown v. Louisiana*, 2010 WL 5582940, at *3 (W.D.
La. Dec. 1, 2010).

instant claims should be dismissed without prejudice to Plaintiff's right to prosecute the pending, duplicative proceedings.  See *Pittman*, 980 F.2d at 995.  The dismissal should otherwise be with prejudice.  See *Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016).

**3. State Actor**

Plaintiff's remaining claim is that three television stations, two newspapers, and a television news anchor defamed him when they reported information relating to his pending charges for armed robbery and first degree murder.

To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law.  42 U.S.C. § 1983.  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and quoted sources omitted).

Here, Channel 12 KSLA, Channel 3 KTBS, Channel 6 KTBS, Shreveport Times, Doug Waner of Channel 12 News, and the Inquisitor Newspaper are, manifestly, private citizens/entities, and Plaintiff does not offer any plausible allegations to establish that they acted under color of state law.  See *Lavergne v. Turk*, 583 F. App'x 367, 368 (5th Cir. 2014) (observing that Independent Media group was a private citizen); *Bui Phu Xuan v. Fort Worth Star Telegram*, 277 F. App'x 452, 454 (5th Cir. 2008) (observing that the Star-Telegram, which allegedly published two libelous articles about the appellant, was a private party).

Plaintiff does mention the phrase, "working hand and hand [sic]," which could theoretically imply that the private defendants conspired, or acted in concert with, state actors. [doc. # 1, p. 5].  However, "[f]or a private citizen . . . to be held liable under § 1983, 'the plaintiff must allege and prove that the citizen conspired with or acted in concert with state actors.'"

*Lavergne*, 583 F. App'x at 368 (quoting *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989)).

"A plaintiff satisfies this burden by alleging and proving '(1) an agreement between the private

and public defendants to commit an illegal act and (2) a deprivation of constitutional rights.

Allegations that are merely conclusory, without reference to specific facts, will not suffice.'" *Id.*

(quoting *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004)).

Here, Plaintiff offers the phrase, "working hand and hand [sic]," in an incomprehensible

context.  [doc. # 1, p. 5].  From what little the undersigned can discern, it appears Plaintiff alleges

that state actors worked hand-in-hand with other state actors.  To the extent he alleges that the

private entities worked hand-in-hand with state actors, his allegations are entirely conclusory.

Plaintiff, in other words, does not plausibly allege that the private entities conspired, or acted in

concert with state actors.  As these Defendants did not act under color of state law, Plaintiff's

allegations against them should be dismissed as frivolous and for failure to state a claim on

which relief can be granted.[3]

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Dennis Ray Davis,

Jr.'s claims against Louisiana Appellate Project, Chad M. Iker, Christopher A. Aberle, and

Michael Enright be **DISMISSED** as frivolous and malicious **WITHOUT PREJUDICE** to

Plaintiff's right to prosecute his pending, duplicative proceedings.  The claims should otherwise

---

[3] See *Lavergne*, 583 F. App'x at 368; *Bui Phu Xuan*, 277 F. App'x at 454 (affirming the dismissal, as frivolous, of a prisoner's libel claim against a newspaper because the prisoner did not allege that the newspaper acted under color of state law); *Miller v. Graham*, 447 F. App'x 549, 551 (5th Cir. 2011) (acknowledging that "a private individual may be deemed to act under color of law in certain circumstances, such as when a person conspires with state actors[,]" but affirming the dismissal of the appellant's claim because the appellant "presented no specific facts showing an agreement between the private defendants and any state actor in this case.").

be **DISMISSED WITH PREJUDICE**.

      **IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Channel 12 KSLA, Channel 3 KTBS, Channel 6 KTBS, Shreveport Times, Doug Waner of Channel 12 News, and the Inquisitor Newspaper be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state claims on which relief can be granted.

      Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

      **Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

      In Chambers, Monroe, Louisiana, this 11th day of March, 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE